

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-84,524-01

### EX PARTE TERRY JIMENEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 20100D04694 IN THE 409TH DISTRICT COURT
### FROM EL PASO COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant alleges he was convicted of two counts of online solicitation of a minor and sentenced to four years' imprisonment in each count. There was no appeal.

In *Ex parte Lo*, this Court declared Penal Code § 33.021(b) unconstitutional. *Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013). Applicant now contends that in light of *Lo* his conviction for count I is no longer valid. The habeas court agrees and recommends granting relief. However, the writ record does not contain evidence that Applicant was convicted under the unconstitutional

statute. The only judgment in the record refers to Section 33.021(c), which Applicant does not contest.

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make supplemental findings of fact and conclusions of law in regard to Applicant's claim that he was convicted under count one of the indictment. The trial court shall make specific findings determining whether Applicant was convicted and sentenced under Section 33.021(b) of the Penal Code. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief. The trial court shall supplement the record with any evidence supporting the supplemental findings.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be

obtained from this Court.

Filed: May 18, 2016
Do not publish